UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



RANDY L. DAVIS,

        Plaintiff,

v.

ANTHONY J. ANNUCCI, et al.,

        Defendants.

DECISION & ORDER

14-CV-6378

## Preliminary Statement

Pro se plaintiff Randy Davis ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that defendants Anthony Annucci, Carl Koenigsmann, Michael Cornwall, Jeffery Lieberman, Steven Wenderlinch, Dr. Wesley Canfield, and Dr. Ben Oakes ("Dr. Oakes") (collectively "defendants"), all employees of the Department of Correctional Services, violated his civil rights by not providing prompt medical care during his incarceration. See Complaint (Docket # 1). Pending before the Court is plaintiff's motion for "defult judgment" [sic]. Docket # 30.

## Background and Procedural History

Plaintiff commenced the instant action on April 2, 2014, alleging he began experiencing numbness and pain in his left knee in July 2010. See Docket # 1. Plaintiff alleges he was seen by defendant Michael Cornwall who ordered an x-ray. See id. Between the initial July 2010 sick call and March 2014, plaintiff alleges he was transferred to multiple correctional facilities where he

1

was treated by various correctional facility employees for his knee pain. See Docket # 1. He was given crutches, x-rays were taken, and plaintiff received pain medication. See id. Despite this treatment, plaintiff alleges that the pain and numbness in his knee worsened. See id.

Plaintiff alleges that on January 23, 2014, he saw Dr. Oakes for treatment in relation to his knee pain and Dr. Oakes ordered an electromyogram ("EMG"). See id. Plaintiff alleges he saw Dr. Oakes again on March 6, 2014, at which point the EMG had not yet been completed. Id. Plaintiff claims the EMG was completed at a local hospital in Elmira, New York by a specialist on March 13, 2014. See id. Plaintiff alleges a staff member at Southport Correctional Facility informed him on March 24, 2014 that he had permanent nerve damage. See Docket # 1.

Plaintiff commenced this action on April 2, 2014. Id. Defendants answered (Docket ## 14, 16), and on September 3, 2015, defendants filed a motion to amend their answer. Docket # 19. This Court granted the motion to amend on September 13, 2016, Docket # 23, and subsequently issued an Amended Scheduling Order requiring, inter alia, that the amended answer be filed by February 20, 2017, and medical records be provided to plaintiff by February 27, 2017. Docket # 26. Defendants filed the amended answer on February 21, 2017. Docket # 27. The pending motion for "defult judgment" [sic] followed on March 10, 2017. Docket # 30.

## Discussion

In his motion, plaintiff argues that the Court should sanction defendants for their failure to comply with the Amended Scheduling Order by dismissing the defendants' amended answer and awarding the plaintiff relief. The Court construes this as a motion for sanctions pursuant to Federal Rule of Civil Procedure 16, rather than a motion for default judgment under Rule 55, requesting dismissal of the action in favor of plaintiff for failure to adhere to this Court's scheduling order.[1] For the reasons that follow, plaintiff's motion is **denied**.

Pursuant to Federal Rule of Civil Procedure 16(f)(1), "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Although this Court does not construe the current motion as a motion for default judgment, possible sanctions for discovery violations include rendering a default judgment against a disobedient party or dismissing an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). The Second Circuit has determined that dismissal is an extreme sanction, only to be deployed in rare

---

[1] Pursuant to Federal Rule of Civil Procedure 55, a Default Judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court has determined this does not apply as defendants have answered plaintiff's complaint. Docket ## 14, 16. Furthermore, plaintiff failed to follow the proper procedure for the entry of a default judgment. See Fed. R. Civ. P. 55(b)(1).

3

situations because the courts have a strong preference for deciding cases on their merits. See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1063-64 (2d Cir. 1979).

The use of sanctions is within the sound discretion of the district court. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). However, the imposition of sanctions is limited by considerations of due process. See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 209 (1958). In determining the appropriate sanction, the Supreme Court and Second Circuit consider:

> (1) the history of the failure to comply with court orders; (2) whether the party violating the order was given ample time to respond; (3) the effectiveness of alternative sanctions; (4) whether the noncomplying party was warned of and given the opportunity to argue against the impending sanction; (5) the prejudice to the adversary caused by the failure to comply; (6) whether the documents at issue would normally be readily obtainable; and (7) the extent of the party's personal responsibility.

Burke v. ITT Automotive, Inc., 139 F.R.D. 24, 33 (W.D.N.Y. 1991). Generally, courts require that to impose the most severe sanctions, "there must be some element of culpability present." Burke, 139 F.R.D. at 32. The entry of default judgment as a discovery sanction, is limited to cases that involve "willfulness, bad faith, or any fault" of the disobedient party. Sony BMG Music

Entertainment v. Thurmond, No. CV-06-1230, 2009 WL 4110292, at *2 (E.D.N.Y. Nov. 24, 2009) (quoting Altschuler v. Samsonite Corp., 109 F.R.D. 353, 356 (E.D.N.Y. 1986)).

Here, the Court finds that the defendants' actions do not warrant sanctions in the form of a default judgment as requested by pro se plaintiff. Plaintiff alleges that defendants' amended answer did not comply with the deadlines provided in the Amended Scheduling Order. Docket # 30. Although the Court recognizes the filing of the amended answer was a day late, plaintiff fails to establish the necessary culpability of the defendants' late filing. See Neufeld v. Neufeld, 172 F.R.D 115, 118 (S.D.N.Y. 1997)(providing "bad faith and willful intransigence on the part of counsel were specifically noted" in cases in which the Second Circuit upheld dismissals); Hollingsworth v. City of New York, No. 95 CIV 3738, 1997 WL 91286, at *2 (S.D.N.Y. Mar. 4, 1997) (stating culpability is typically shown by "persistent refusal to comply with a discovery order").

Defense counsel has submitted an affirmation stating that on Febuary 20, 2017, he was home sick and thus, filed the amended answer the following day. See Docket # 32. This Court finds the filing of the amended answer one day late does not alone, and under these circumstances, constitute willfulness or bad faith on the part of the defendants. The Supreme Court has stated that Rule 37 should not be used to authorize dismissal of a claim when failure

5

to comply with a court order is due to inability rather than willfulness. See Societe Internationale, 357 U.S. at 212. Furthermore, the Court stated dismissal was inappropriate when failure to comply with a scheduling order was due to neither counsel's own conduct, nor circumstances under counsel's control. See id. at 211. Compare Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995)(holding a default judgment was warranted when defendants ignored a discovery order for five months) with Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (finding "it is evident that a ten-day delay in submitting an amended answer to a complaint . . . would not have led to a default judgment" under Rule 55).

Plaintiff also requests dismissal and entry of default based on the late submission of medical records. See Docket # 30. The Amended Scheduling Order required defendants to provide plaintiff with medical records by February 27, 2017. See Docket # 26. Plaintiff states medical records were not mailed to him until March 10, 2017 (see Docket # 33), but defendants allege the medical records were mailed to plaintiff on October 5, 2015, as well as on March 10, 2017. See Docket # 32. This Court does not find that the late submission warrants sanctions in the form of a default judgment or dismissal. The Court "maintains a strong preference for resolving disputes on the merits rather than on the basis of procedural issues." Pushkin v. Nussembaum, No. 10 CIV 9212, 2011

WL 4063493, at *1 (S.D.N.Y. Aug. 12, 2011) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)). However, the Second Circuit has also stated that compliance with discovery orders is necessary to the integrity of the judicial process. See Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 73 (2d Cir. 1988). Accordingly, the Court finds that a default judgment is not appropriate. Defense counsel is reminded that pursuant to Local Rules of Civil Procedure Rule 5.2(f) "all discovery materials in cases with incarcerated pro se litigants shall be filed with the Court."

## Conclusion

For the reasons stated above, plaintiff's motion for "defult judgment" [sic] (Docket # 30) is **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: July 14, 2016
       Rochester, New York