# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK



RANDY L. DAVIS,

        Plaintiff,

v.

ANTHONY J. ANNUCCI, et al.,

        Defendants.

DECISION & ORDER
14-CV-06378-EAW-JWF

## Preliminary Statement

Pro se plaintiff Randy Davis ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that defendants Anthony Annucci, Carl Koenigsmann, Michael Cornwall, Jeffery Lieberman, Steven Wenderlinch, Dr. Wesley Canfield, and Dr. Ben Oakes, employees of the Department of Correctional Services ("defendants"), violated his civil rights by not providing prompt medical care during his incarceration. See Complaint (Docket # 1). Plaintiff alleges that in July 2010 he began experiencing numbness and swelling in the left knee. Id. Despite continuing treatment requests, plaintiff did not receive a diagnosis until March 2014. Id. Pending before the Court is plaintiff's motion to appoint counsel. See Docket # 28.

## Discussion

In his motion, plaintiff argues that he needs Court-appointed counsel to assist in litigation due to mental health issues and a learning disability. See Motion to Appoint Counsel (Docket # 28).

1

For the reasons that follow, plaintiff's motion is **denied without prejudice to renew.**

Unlike most criminal cases, there is no constitutional requirement that indigent civil litigants be appointed pro bono counsel. Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). However, pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney represent any such person unable to employ counsel," if the facts of the case warrant such appointment. The decision of whether a pro se litigant is entitled to appointment of counsel lies wholly within the court's discretion. See In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit provided the factors that must be considered in determining whether or not counsel is to be assigned in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58 (2d Cir. 1986).

Volunteer lawyer time is a valuable service, and a resource that is available only in limited quantity. See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). The Second Circuit has held that these applications for counsel cannot be

granted indiscriminately. Cooper, 877 F.2d at 172. The court further found that the "phrase pro bono publico suggests meaningfully that distribution of this resource should be made with reference to the public benefit." Id.

Applying the Hodge factors here, the Court finds that the plaintiff satisfies the threshold requirement. See id. at 174 (holding that the "assessment of likely merit must be undertaken somewhat generously," as the pro se litigant may have "difficulty articulating the circumstances that will indicate the merit"); see also West v. Brickman, NO. 07 CV 7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) (finding that plaintiff's allegations of inadequate medical care may be sufficient to establish defendants were deliberately indifferent to plaintiff's needs). However, in considering the factual and legal issues involved, and the plaintiff's ability to present his claim, the Court concludes that the appointment of counsel is not warranted at this time.

Here, plaintiff has submitted a detailed pro se complaint articulating the events in which he alleges led to his permanent injuries. The circumstances encompassing the plaintiff's claims do not seem to be unusually complex and the legal issues are not so novel that it is impossible for plaintiff to continue without representation. The claims surround discomfort in plaintiff's left knee which began in July 2010, and discomfort in plaintiff's right shoulder which began in October 2012. See Docket # 1.

3

Plaintiff alleges he continually sought treatment at various correctional facilities and did not receive a diagnosis until March 2014, after an electromyogram that showed permanent nerve damage. See Docket # 1. Defendants deny the allegations set forth by plaintiff. See generally, Answers (Docket ## 14, 16).

Up to this point, plaintiff has submitted a clear, well-drafted complaint, records from the corrections facility further illustrating his claim, and motion papers containing factual arguments supporting his request for relief. Although plaintiff indicates he has a learning disability, see Motion to Appoint Counsel (Docket # 28), there is nothing to indicate that any such impairment would prevent him from adequately representing himself through litigation. Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case").

Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint

4

counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Should he need to, plaintiff may consult with the Western District's pro se office attorneys for questions on process and procedure.

## Conclusion

Plaintiff's motion to appoint counsel (Docket # 28) is **denied without prejudice to renew**.

SO ORDERED.

                                             _____
                                             JONATHAN W. FELDMAN
                                             United States Magistrate Judge

Dated:   September 19, 2017
         Rochester, New York